Kyle P. Kelley, Esq. [State Bar No. 178302]
e-mail:   kkelley@kpklaw.com
KYLE P. KELLEY P.C.
701 Commerce Street, 5th Floor
Dallas, Texas 75202
Telephone:      (310) 273-0590
Facsimile:      (214) 774-4977

Attorney for Plaintiff
GALLOWS ROAD MOVIE LLC, a
Texas Limited Liability Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALLOWS ROAD MOVIE LLC, a Texas Limited Liability Company,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>V CHANNELS CORP., a Delaware corporation;  MARIO NICCOLO MESSINA, an individual.<br><br>　　　　　　Defendants. | CASE NO. 2:23-CV-9047<br><br>COMPLAINT FOR:<br><br>COPYRIGHT INFRINGEMENT |

　　　Plaintiff GALLOWS ROAD MOVIE LLC, A Texas Limited Liability Company, hereby alleges as follows:

**THE PARTIES**

　　　1.　　　Plaintiff GALLOWS ROAD MOVIE LLC ("Plaintiff") or ("GRM") is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in the City of Aledo, Parker County, Texas. All of the individual members of GRM are domiciled in the State of Texas.

　　　2.　　　Plaintiff is informed and believes and based thereon alleges that defendant V CHANNEL CORP. ("VCC") is a corporation

organized and existing under the laws of the State of Delaware with its principal place of business in the city of Beverly Hills in the County of Los Angeles, California. Plaintiff is further informed and believes and based thereupon alleges that defendant VCC does business under the fictitious business name "V Channels Media".

3.  Plaintiff is informed and believe and based thereon allege that defendant MARIO NICCOLO MESSINA ("MESSINA") is an individual who is domiciled in the city of Santa Clarita in the County of Los Angeles, California. Plaintiff is further informed and believes that defendant MESSINA is the Chief Executive Officer, Chief Financial Officer and Secretary of defendant VCC.

**JURISDICTION & VENUE**

4.  This Court has exclusive jurisdiction over Plaintiff's claims under 28 U.S.C. §1338 in that the copyright infringement claims alleged arise under the Copyright Act of the United States, 17 U.S.C. §501 et seq.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. 1400(a) because Defendants reside in or may be found in this judicial district.

**FIRST CLAIM FOR RELIEF**

(Copyright Infringement - Against All Defendants)

6.  GRM is the owner of the copyrighted motion picture entitled *Gallows Road* (the "Film"). The copyright for the Film is registered with the United States Copyright Office under Copyright Registration #PA0001984580. A copy of the registration information from the Copyright Office is attached hereto as Exhibit "A" and incorporated herein by this reference as though set forth in full.

/ / /

7. The Film, which was produced and publicly released in the United States in 2015, has won multiple awards, including the 2015 International Christian Film Festival award for Best Feature. The Film is also Dove Approved by dove.org, which provides faith and family focused reviews of films.

8. The Film is available for viewing on multiple streaming platforms in the United States, including Apple TV, Amazon Prime Video, amongst others.

9. Plaintiff has recently learned that a high definition digital copy of the Film with Spanish and Portugese language dubs was being hosted on various channels on Youtube and available in various Spanish and Portugese language markets. In order to avoid detection, the Film was renamed.

10. Plaintiff has never created a Spanish or a Portugese language version of the Film, nor has Plaintiff authorized or licensed anyone to create a Spanish or Portugese language version of the Film. These Spanish and Portugese works are unauthorized and infringe upon Plaintiff's exclusive rights under the Copyright Act, including Plaintiff's rights to reproduce, adapt, publish, and display.

11. Plaintiff has learned that each of these YouTube channels are owned and controlled by defendant VCC. The infringing works were found at the following YouTube URL's:

SPANISH

http://www.youtube.com/watch?v=yiLAnCLvZi0 ("SP Ver. 1")

http://www.youtube.com/watch?v=kNH4-hGC9M0 ("SP Ver. 2")

http://www.youtube.com/watch?v=CnNT3MUm5JA ("SP Ver. 3")

/ / /

12. Plaintiff has filed strike requests under the Digital Millenium Copyright Act with YouTube, which has been hosting the infringing films, for the Spanish versions referred to *infra*, Paragraph 11. These versions have been taken down as of the time of filing. However, defendant MESSINA has challenged the validity of the takedown request, falsely claiming to have a license to distribute the Film.

13. Prior to the take downs by YouTube, the Spanish versions had accumulated a total of 4,723,784 views. A screen shot for SP Ver. 1 is attached hereto as Exhibit "B" and incorporated herein by reference. SP Ver. 1 had a total of 4,643,257 views before it was taken down. A screen shot for SP Ver. 2 is attached hereto as Exhibit "C" and incorporated herein by reference. SP Ver. 2 had a total of 56,570 views before it was taken down. A screen shot for SP Ver. 2 is attached hereto as Exhibit "D" and incorporated herein by reference. SP Ver. 2 had a total of 23,777 views before it was taken down.

14. Plaintiff also discovered the Film being displayed on channels owned by VCC wherein the Film had been dubbed in Portugese. Links to the Portugese channel versions are as follows:

PORTUGESE

https://youtu.be/7u9I06KE6aw?%0Asi=GOE3z-L2iRYIE5Pj

https://youtu.be/V-jFbvScKz8?

https://youtu.be/omYXnXZwRg4?%0Asi=5TNFM0EtdgcCf0wA

15. Plaintiff is in the process of preparing and filing strike requests for the Portugese versions. Each of the foregoing versions have apparently been taken down by either YouTube or Defendants.

16. Plaintiff is informed and believes and based thereupon alleges that defendant MESSINA authorized, directed and personally participated in the infringing acts alleged herein, that he was the "guiding spirit" behind the infringing conduct, and that he was VCC's central figure in the infringement of the Film.

17. Plaintiff is informed and believes and based thereupon alleges that due to the high number of views, Defendants' channels on YouTube were monetized, and that Defendants were paid by YouTube for views of the film in an unknown amount.

18. Plaintiff did not authorize Defendants' copying, display or distribution of the Film.

19. Defendants infringed the copyrights in Plaintiff's creative works by reproducing, distributing and/or publicly displaying the Film by and through various YouTube channels that it owned and controlled without proper approval or authorization of Plaintiff.

20. Defendants knew the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works.

21. Defendants knew that their acts constituted copyright infringement.

22. Defendants' conduct was willful within the meaning of the Copyright Act.

23. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. §501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

/ / /

24. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct pursuant to 17 U.S.C. §504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. §504(c).

25. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

26. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. §505.

WHEREFORE, plaintiff GALLOWS ROAD MOVIE LLC pray judgment against the defendants, and each of them, as follows:

1. For Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. §504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. §504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights;

2. For an order of injunctive relief against Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, that they be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

3. That the Court enter an order of impoundment pursuant to 17 U.S.C. §503 and §509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession, custody or control;

4. For attorneys' fees incurred by Plaintiff in prosecuting this action pursuant to 17 U.S.C. §504;

5. For costs of suit; and

6. For such other and additional relief as is just and proper.

Dated: October 26, 2023            KYLE P. KELLEY P.C.

By: _____
Kyle P. Kelley
Attorney for Plaintiff
GALLOWS ROAD MOVIE LLC